UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

CARBIDE INDUSTRIES, LLC,                    Case No.: 6:14-bk-09894-KSJ
                                            Chapter 11
        Debtor.
_____/

CASE MANAGEMENT SUMMARY

The Debtor, Carbide Industries, LLC, submits this, its Case Management Summary, in accordance with Local Rule 2081-1(b), as follows:

(1)     <u>Description of the Debtor's Business</u>. The Debtor sells and installs kitchen and bath cabinetry and countertops. It manufactures certain products and assembles other products imported from China and Mexico. The Debtor caters largely to the multi-family housing market.

(2)     <u>Location of the Debtor's Operations and Whether Leased or Owned</u>. The Debtor operates from its facility in Groveland, Lake County, Florida. The Debtor leases the property from Carbide Holdings, LLC, a related company.

(3)     <u>Reasons for Filing Chapter 11</u>. The Debtor operated a profitable business while focusing primarily on assembly of components imported from abroad. The Debtor then increased its business of manufacturing cabinets from raw materials and entered into a contract with Lowe's. For a variety of reasons the Lowe's contract was unsuccessful. The Debtor was also a victim of the economic recession that severely impacted new construction.

(4)     <u>List of Officers, Directors and Insiders</u>. The Debtor has three members, all of whom are managing members: John Parrish, his wife, Pamela Parrish, and Lorin Peterson. Mr.

and Mrs. Parrish work full time, draw salaries and are affiliates. John Parrish earns $6,501.92 bi-weekly, his wife $3,269.23. Peterson is not active in the business and is not compensated.

June Cline is the production manager and the sister of one of the members. She is a salaried employee earning $1,648.32 bi-weekly. Richard Lamoreaux is a driver/assembler. He is the brother-in-law of one of the members and earns $16.07 per hour. Neither Cline nor Lamoreaux is an affiliate of the Debtor.

The Debtor does not provide its employees, whether affiliates or non-affiliates, with any benefits. The Debtor did cover one-half of the cost of employees' health insurance until the end of May of this year but canceled the policy on June 1st. Employees may participate at their expense in group dental and life insurance plans. A pension and profit-sharing plan is in place for affiliates but the plan has not been funded in recent years due to lack of profits.

(5)     The Debtor's Annual Gross Revenues. The Debtor's gross revenues were $13,237,173 in 2013. 2014 revenues through August 27th amounted to $2,685,823.

(6)     Amounts Owed to Various Creditors.

    (i)     Priority Creditors:

        $14,068 (Florida, Georgia and Virginia use tax)

    (ii)    Secured Creditors and Their Respective Collateral:

        $1,269,778 (accounts receivable, inventory, equipment)

    (iii)   Unsecured Creditors: approximately $5.5 million.

(7)     General Description and Approximate Value of Debtor's Current and Fixed Assets.

Machinery, equipment and tools, $488,050
Computer equipment, furniture and office equipment, $9,510
Inventory, $2,006,059
Vehicles and trailers, $22,850
Accounts receivable, $320,147
Other claim against third party, $170,417

>Bank accounts, $34,110
>Deposits, $16,205

(8)     Number of Employees and Gross Amounts of Wages Owed as of Petition Date.

>18 non-affiliate employees and 2 affiliates
>$6,662 gross wages owed as of petition date

(9)     Status of the Debtor's Payroll and Sales Tax Obligation. The Debtor uses ADP, a large payroll company. As a result, the Debtor's payroll is current, as are its payroll tax obligations. As noted above, the Debtor owes use taxes to Departments of Revenue in Florida, Georgia and Virginia amounting to $14,068.

(10)    Anticipated Emergency Relief to be Requested.

The Debtor anticipates entering into an agreement with BankFIRST for use of cash collateral and, upon doing so, will comply with F.R.B.P. 4001(d) in seeking approval of the agreement.

The Debtor will require the following emergency relief and will request a hearing on September 4, 2014 or as soon thereafter as its motions can be heard:

>Prepetition wages for non-affiliate employees;
>Salaries for affiliate employees, nunc pro tunc to petition date;
>Motion for authority to maintain prepetition bank accounts (absent consent by U.S. Trustee); and possibly
>Motion for authority to enter into DIP financing agreement.

(11)    The Debtor's Strategic Objectives. The Debtor has equity in its various assets, easily manages its secured debt, and anticipates future profitability. However, it is overburdened with trade debt. The Debtor anticipates proposing a plan of reorganization that will substantially compromise its trade debt while providing for distributions to its trade creditors in amounts far greater than in liquidation. The Debtor would welcome the formation of a committee of trade creditors with which it might negotiate a consensual plan.

## **CERTIFICATE OF SERVICE**

       I hereby certify that on August 29, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

                                          /s/Peter N. Hill
                                          Peter N. Hill