**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In Re:                                                    **CASE NO. 6:14-bk-09894-KSJ**

                                                          **Chapter 11**

**CARBIDE INDUSTRIES, LLC,**

                    **Debtor.**

_____/

### APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CARBIDE INDUSTRIES, LLC FOR AN ORDER AUTHORIZING THE EMPLOYMENT OF HAHN LOESER & PARKS LLP AS COUNSEL, *NUNC PRO TUNC* AS OF SEPTEMBER 23, 2014

The Official Committee of Unsecured Creditors ("***Committee***") of Carbide Industries, LLC ("***Debtor***") hereby applies ("***Application***") for the entry of an order authorizing it to employ Hahn Loeser & Parks LLP ("***Hahn Loeser***") as counsel for the Committee in this chapter 11 case, pursuant to section 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 ("***Bankruptcy Code***") and Rule 2014 of the Federal Rules of Bankruptcy Procedure ("***Bankruptcy Rules***"), *nunc pro tunc* as of September 23, 2014.  In support of this Application, the Committee files the Declaration of Michael R. Dal Lago (a partner with Hahn Loeser) submitted pursuant to Section 1103 of the Bankruptcy Code and Rules 2014(a) and 2016(b) of the Bankruptcy Rules ("***Dal Lago Declaration***"), the signed original of which is attached hereto as Exhibit A and incorporated herein by reference, and further states as follows:

### JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

2.      On August 28, 2014, ("**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code [Docket No. 1].

3.      The Debtor continues to manage its affairs and operate its business as a Debtor-in-Possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4.      No trustee or examiner has been appointed in this chapter 11 case.

5.      On September 22, 2014, the Office of the United States Trustee ("**U.S. Trustee**") formed the Committee and appointed the following creditors to serve as members of the Committee:  Prime Wood, Inc., Shower Walls S.A., Forestal La Reforma, S.A. de C.V., Senke Manufacturing Company, and Little Ventures, Inc. ("**Committee Members**") [Docket No. 36].

6.      The Committee selected Mr. Gabriel M. Elizondo of Forestal La Reforma, S.A. de C.V. as the Chairperson for the Committee.

7.      Pursuant to section 1103 of the Bankruptcy Code the Committee is empowered to do, among other things, the following:

    a.      consult with the trustee or debtor in possession concerning the administration of the case;

    b.      investigate the acts, conduct, assets, liabilities and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan;

    c.      participate in the formulation of a plan, advise those represented by such committee of such committee's determination as to any plan formulated and collect and file with the court acceptances or rejections of a plan;

    d.      request the appointment of a trustee or examiner under section 1104 of the Bankruptcy Code; and

    e.      perform such other services as are in the interest of those represented.

11 U.S.C. § 1103(c).

## RELIEF REQUESTED

8.      By this Application, the Committee respectfully requests the entry of an order pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code authorizing it to employ and retain Hahn Loeser as its counsel, *nunc pro tunc* to and including September 23, 2014.

### Retention of Hahn Loeser as Counsel for the Committee

9.      To assist the Committee in performing its duties pursuant to section 1103 of the Bankruptcy Code, based on a polling of the Committee Members, on September 23, 2014, the Committee selected Hahn Loeser to represent it as counsel, subject to Court approval.[1]

10.      The Committee selected Hahn Loeser as its counsel, among other reasons, because of its extensive experience in, and knowledge of, business reorganizations under chapter 11 of the Bankruptcy Code.  In addition, the attorneys of Hahn Loeser have substantial debt restructuring, creditors' rights, corporate, securities, tax, labor, finance, real estate, and litigation expertise.  Accordingly, the Committee believes that Hahn Loeser is well suited and able to represent the Committee in the above-captioned chapter 11 case in an efficient and responsive manner.

11.      The Committee anticipates that Hahn Loeser will render legal services to the Committee as needed throughout the course of the above-captioned chapter 11 case.  In particular, it is anticipated that Hahn Loeser will provide, among others, the following legal services to the Committee:

a.      advise the Committee concerning its rights, powers, and duties under section 1103 of the Bankruptcy Code and advise the Committee concerning the administration of the Debtor's chapter 11 case;

---

[1] At the time of filing this Application, all of the five Committee Members had voted unanimously in favor of the retention of Hahn Loeser.

6849355.2

b.      advise the Committee concerning any efforts by the Debtor or other parties to collect and to recover property for the benefit of the Debtor's estate;

c.      to advise the Committee concerning any post-petition lending the Debtor has sought, or may choose to seek during the Debtor's chapter 11 case;

d.      counsel the Committee in connection with the formulation and/or negotiation and confirmation of a plan or liquidating plan of reorganization and related documents;

e.      review the nature, validity, and priority of liens asserted against the property of the Debtor and advise the Committee concerning the enforceability of such liens;

f.      consult with other of the Committee's professionals (if any) about matters present in this chapter 11 case;

g.      to advise and assist the Committee in connection with any potential disposition of property of the Debtor's estate including, but not limited to any purported sale of substantially all of the Debtor's assets;

h.      prepare on behalf of the Committee all necessary and appropriate applications, motions, notices, draft orders, and other pleadings, and review all financial and other reports filed in this chapter 11 case;

i.      advise the Committee concerning, and prepare responses to, applications, motions, notices, and other pleadings and papers that may be filed in this chapter 11 case;

j.      advise the Committee concerning proposed executory contract and unexpired lease assumptions, assignments, and rejections;

k.      assist the Committee in claims analysis and resolution matters;

l.      commence and conduct any and all litigation necessary or appropriate to assert rights on behalf of the Committee, or otherwise further the goals of the Committee in this chapter 11 case; and

m.      perform all other legal services for, and on behalf of, the Committee that may be necessary or appropriate to assist the Committee in satisfying its duties under section 1103 of the Bankruptcy Code.

12.     The Committee requires knowledgeable counsel to render these professional services.  As noted above, Hahn Loeser has substantial experience in these areas and is well

- 4 -

qualified to perform these services and represent the Committee's interests in this chapter 11 case.

### Proposed Arrangement For Compensation

13.     Subject to the Court's allowances, Hahn Loeser will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered.[2]  Hahn Loeser establishes its hourly rates at a level designed to compensate it fairly for the work of its professionals and paraprofessionals and to cover fixed and routine overhead expenses.   The hourly rates for 2014 charged by those Hahn Loeser professionals and paraprofessionals who are anticipated to render a majority of the services to the Committee during the above-captioned chapter 11 case are as follows:

| | | |
|---|---|---|
| **Partners:** | Michael R. Dal Lago | $380.00 |
| **Associates:** | Emily W. Ladky | $260.00 |
| | Shannon M. Byrne | $240.00 |
| **Paraprofessional:** | Colleen M. Beitel | $230.00 |

Other professionals and paraprofessionals may render services to the committee as needed.[3]

14.     The Committee understands that Hahn Loeser will bill the Debtor's estate for expenses it incurs in connection with the above-captioned chapter 11 case as it charges generally to bankruptcy and non-bankruptcy clients alike, in accordance with the applicable guidelines, including, without limitation, the Guidelines for Compensation and Expense Reimbursement of Professionals dated January 5, 1994 (Revised July 1, 1998),  the Bankruptcy Code, Rule 2016-1

---

[2]  It has been the historical practice of Hahn Loeser to adjust its hourly rates annually, effective January 1st of each calendar year.  Hahn Loeser will file a notice with the Court of any such periodic increases.
[3]  The current range of hourly rates for all attorneys and paraprofessionals at Hahn Loeser are as follows:  Partners: $335-$640;  Of Counsel: $310-$490;  Associates: $225-$365;  Paraprofessionals: $135-$230.  The Committee understands that other attorneys, paralegals, and staff at Hahn Loeser may serve the Committee from time to time in connection with this Case.

of the Local Rules of this Court, and final approval of the Bankruptcy Court, and subject further to the right of the Debtor to object to any interim or final application for approval of compensation filed by Hahn Loeser.  Such expenses include, without limitation, copy services, scanning services, express mail, special or hand deliveries, document processing, overtime assistance, overtime, meals, legal computer research expenses, court fees, transcript costs, and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client.  Hahn Loeser believes that it is more fair to charge those expenses to the clients incurring them rather than to increase its hourly rates and thereby spread such expenses among all clients of the firm.

15.     Hahn Loeser intends to apply to the Court for compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of this Court, and pursuant to any additional procedures that may be established by the Court in this case.

## Matters Relevant To The Retention Of Hahn Loeser

16.     To the best of the Committee's knowledge, information and belief, other than as proposed pursuant to this Application or as stated in the Dal Lago Declaration in connection with this chapter 11 case, Hahn Loeser has no current connection with (i) the Debtor and it's known executive officers, directors, major shareholders, and equity holders, (ii) the Debtor's co-debtors, (iii) the secured creditors in this chapter 11 case, (iv) the 20 largest creditors in this chapter 11 case, (v) the non-debtor parties to any of the reported executory contracts and unexpired leases, (vi) the U.S. Trustee, or (vii) any of the aforementioned parties' respective attorneys or accountants (based on its investigation of its client lists as of the date of this Application). Similarly, Hahn Loeser does not hold or represent any other known or reasonably ascertainable

interest adverse to the Committee in the matters upon which it is engaged.

17.     Prior to its retention as counsel for the Committee, Hahn Loeser represented Wells Fargo Equipment Finance, Inc. (a secured creditor in this case), in connection with matters that are wholly unrelated to this chapter 11 case and the Debtor.  These matters have since concluded, and are not, and were not, adverse to the Debtor or the Committee.  Furthermore, based on the relative size of the Debtor's chapter 11 case, it is likely that, in the past, Hahn Loeser has represented certain other creditors of the Debtor from time to time.  However, any such representation, unless otherwise identified in the Dal Lago Declaration and/or herein, was wholly unrelated to the Committee or the Debtor.

18.     Hahn Loeser will not represent any person in connection with any matters adverse to the Committee.  Further, should Hahn Loeser discover during the pendency of this chapter 11 case that it represents an entity or person that is an affiliate of any party to this chapter 11 case, it will disclose to the Court fully the nature of its representation and relationship thereto.

19.     To check and clear potential conflicts of interest in the above-captioned chapter 11 case, Hahn Loeser researched its client database to determine whether it had any relationships with the following entities, if, as and when known:[4]

    a.    the Debtor and its known executive officers, directors, major shareholders, and equity holders;

    b.    the Debtor's secured creditors;

    c.    the twenty (20) largest unsecured creditors of the Debtor and any other entities that Hahn Loeser could readily identify as having a potential conflict of interest with the Debtor;

    d.    real property lessors and equipment lessors, if any; and

---

[4]  Hahn Loeser reserves the right to supplement this disclosure at such time as any of the information contained herein changes.

    e.      any other parties identifiable to Hahn Loeser as having an Insider interest in this chapter 11 case, including the Debtor's co-debtors.

20.    Hahn Loeser represents that it has no interest adverse to the Committee in the matters for which it is proposed to be retained and will not represent any creditor of the Debtor or any other party in this case in any matter that is related to this chapter 11 case.  The Committee's knowledge, information and belief regarding certain of the matters set forth herein are based and made in reliance upon the Dal Lago Declaration.

## NOTICE AND PRIOR APPLICATIONS

21.    Notice of this Application has been given to (i) the Office of the United States Trustee for Region 21; (ii) the Debtor; (iii) counsel for the Debtor; (iv) the Debtor's twenty (20) largest unsecured creditors; (v) the representatives of the members of the Committee; and (vi) other parties requesting notice under Rule 2002 of the Bankruptcy Rules.  In light of the nature of the relief requested herein, the Committee submits that no further notice of the Application is necessary or required.

22.    This is the Committee's first request for the relief set forth herein.

WHEREFORE, the Committee respectfully requests that the Court enter an order (i) granting the Application in its entirety and authorizing and approving the Committee's employment of Hahn Loeser as its counsel, *nunc pro tunc* to and including September 23, 2014, pursuant to section 1103 of the Bankruptcy Code; and (ii) granting such other and further relief as the Court may deem proper.

Dated:  October 8, 2014               Respectfully submitted,

                              /s/ Gabriel M. Elizondo (signature attached)

                              By:    Gabriel M. Elizondo
                              *Chairperson of the Official Committee of Unsecured Creditors for Carbide Industries, LLC*

e.   any other parties identifiable to Hahn Loeser as having an insider interest in this chapter 11 case, including the Debtor's co-debtors.

20.   Hahn Loeser represents that it has no interest adverse to the Committee or the matters for which it is proposed to be retained and will not represent any creditor of the Debtor or any other party in this case in any matter that is related to this chapter 11 case. The Committee's knowledge, information and belief regarding certain of the matters set forth herein are based and made in reliance upon the Dal Lago Declaration.

## NOTICE AND PRIOR APPLICATIONS

21.   Notice of this Application has been given to (i) the Office of the United States Trustee for Region 21; (ii) the Debtor; (iii) counsel for the Debtor; (iv) the Debtor's twenty (20) largest unsecured creditors; (v) the representatives of the members of the Committee; and (vi) other parties requesting notice under Rule 2002 of the Bankruptcy Rules. In light of the nature of the relief requested herein, the Committee submits that no further notice of the Application is necessary or required.

22.   This is the Committee's first request for the relief set forth herein.

WHEREFORE, the Committee respectfully requests that the Court enter an order (i) granting the Application in its entirety and authorizing and approving the Committee's employment of Hahn Loeser as its counsel, nunc pro tunc to and including September 23, 2014, pursuant to section 1103 of the Bankruptcy Code and (ii) granting such other and further relief as the Court may deem proper.

Dated: October 6, 2014                              Respectfully submitted,

By George J. Leonard
Chairperson of the Official Committee of
Unsecured Creditors for Carbide Industries,
LLC

Respectfully submitted,

*/s/ Michael R. Dal Lago*
Michael R. Dal Lago
mdallago@hahnlaw.com
Hahn Loeser & Parks LLP
5811 Pelican Bay Blvd., Suite 650
Naples, FL 34108
Telephone: 239-254-2900
Facsimile: 239-592-7716

*Proposed Attorneys for the Official Committee of*
*Unsecured Creditors for Carbide Industries, LLC*

6849355.2

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Application of the Official Committee of Unsecured Creditors of Carbide Industries, LLC for an Order Authorizing the Employment of Hahn Loeser & Parks LLP as Counsel, Nunc Pro Tunc as of September 23, 2014* was sent on this 8th day of October 2014, to the entities on the attached Service List by United States Mail, postage prepaid.

/s/ Michael R. Dal Lago
*One of the Proposed Attorneys for the*
*Official Committee of Unsecured Creditors*
*for Carbide Industries, LLC*

- 10 -

Label Matrix for local noticing
113A-6
Case 6:14-bk-09894-KSJ
Middle District of Florida
Orlando
Wed Oct  8 12:34:49 EDT 2014

Carbide Industries, LLC
314 E. Crittenden Street
Groveland, FL 34736-2210

Alabama Inter-Forest Corporation
120 N. Industrial Hwy
Alpena, MI 49707-7729

American Marble Inc.
115 Commerce Way
Sanford, FL 32771-3092

BANKFIRST
Michael A. Nardella
Burr & Forman, LLP
200 S Orange Ave Ste 800
Orlando FL 32801-6404

BankFIRST
c/o Jon E. Kane, Esquire
200 South Orange Avenue
Suite 800
Orlando, FL 32801-6404

BankFIRST
c/o Michael A. Nardella, Esq.
Burr & Forman, LLP
200 S. Orange Ave., Suite 800
Orlando, FL 32801-6404

BlueLinx Corporation
4300 Wildwood Pkwy
Atlanta, GA 30339-8440

Classic Tops Inc.
89 North Florida Ave
Center Hill, FL 33514-4007

Forestal La Reforma
Calle Independencia
PTE 226-A COL
Centro San Pedro, Garza Garc
NLC Mexico, C.P. 66230

Hardware Resources, Inc
4319 Marlena Street
Bossier City, LA 71111-7503

Lecesse Construction Srvs
75 Thruway Park Drive
West Henrietta, NY 14586-9793

Liberty Woods Intl
P.O. Box 8538-300
Philadelphia, PA 19171-0001

Little Ventures, Inc
Roman V. Hammes
250 East Colonial Drive, Ste 305
Orlando, FL 32801-1231

Little Ventures, Inc.
c/o Neil Little
2030 Country Farms Road
Port Orange, FL 32128-6684

Logan, Bowyer & McCullough
1645 E. HWY 50
Suite 202
Clermont, FL 34711-5199

MJB Wood
14411 Commerce Way
Suite 426
Miami Lakes, FL 33016-1571

Michael R. Dal Lago
Hahn Loeser & Parks LLP
5811 Pelican Bay Blvd., Suite 650
Naples, FL 34108-2794

OEC Logistics Inc
104 West 9th Street
Suite 308
Kansas City, MO 64105-1718

Official Committee of Unsecured Creditors
c/o Michael R. Dal Lago, Esq.
Hahn Loeser & Parks LLP
5811 Pelican Bay Blvd., Suite 650
Naples, FL 34108-2794

Omicron Supplies LLC
c/o William M Lindeman PA
PO Box 3506
Orlando FL 32802-3506

Pratt Industries (U.S.A) Inc
P.O. Box 933949
Atlanta, GA 31193-3949

Prime Wood Inc
c/o Gary Bartlett
1646 51st Court
Vero Beach, FL 32966-2339

Republic Industries
1400 Warren Drive
Marshall, TX 75672-5893

Republic Industries
c/o Keith M. Aurzada
BRYAN CAVE LLP
2200 Ross Avenue, Suite 3300
Dallas, TX 75201-7965

Senke Manufacturing Co.
c/o William Sun
105 Pu-Hong Road West
Zhu Qiao Town, Pu Dong New Area
Shanghai, China 201324

Shower Walls S.
c/o Karlo Fuentes
Ave. San Roque #200 Bod. 18
Juarez, Nuevo Leon
Mexico 67277

Sousa Cabinets Inc
19242 Moorgate Street
Orlando, FL 32833-3007

Stiles Machinery
3965 44th Street
Grand Rapids, MI 49512-3982

William Sun
c/o Houston Short, Esq.
Pohl & Short, P.A.
280 W. Canton Ave, Ste. 410
Winter Park, FL 32789-3168

Peter N Hill +
Wolff Hill McFarlin & Herron PA
1851 West Colonial Drive
Orlando, FL 32804-7013

Jon E Kane +
Burr & Forman, LLP
200 South Orange Avenue
Suite 800
Orlando, FL 32801-6404

United States Trustee - ORL +
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801-2210

Keith M Aurzada +
Bryan Cave LLP
2200 Ross Avenue, Suite 3300
Dallas, TX 75201-7965

Timothy S Laffredi +
Office of the United States Trustee
400 W. Washington St., Suite 1100
Orlando, FL 32801-2440

William M Lindeman +
P.O. Box 3506
Orlando, FL 32802-3506

Michael A Nardella +
Burr & Forman, LLP
200 S. Orange Avenue
Suite 800
Orlando, FL 32801-6404

James E. Shepherd +
Pohl & Short, P.A.
280 West Canton Avenue
Suite 410
Winter Park, FL 32789-3168

Roman V Hammes +
Roman V. Hammes, P.L
250 East Colonial Drive, Suite 305
Orlando, FL 32801-1231

Note: Entries with a '+' at the end of the
name have an email address on file in CMECF

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Official Committee of Unsecured Creditors

(d)Michael R Dal Lago +
Hahn Loeser & Parks LLP
5811 Pelican Bay Blvd.
Suite 650
Naples, FL 34108-2794

End of Label Matrix
Mailable recipients     39
Bypassed recipients      2
Total                   41

# **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In Re:                                                    **CASE NO. 6:14-bk-09894-KSJ**

                                                          **Chapter 11**

**CARBIDE INDUSTRIES, LLC,**

                    **Debtor.**
_____/

**DECLARATION OF MICHAEL R. DAL LAGO SUBMITTED PURSUANT**
**TO SECTION 1103 OF THE BANKRUPTCY CODE AND RULES 2014(a)**
**AND 2016(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

STATE OF FLORIDA          )
                          )     SS:
COUNTY OF COLLIER        )

    Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure ("***Bankruptcy***

***Rules***"), Michael R. Dal Lago, a partner with the law firm of Hahn Loeser & Parks LLP,

declares, under the penalty of perjury, as follows:

    1.      I am Michael R. Dal Lago.  I am a member of the law firm of Hahn Loeser &

Parks LLP ("***Hahn Loeser***") with offices at 5811 Pelican Bay Blvd., Suite 650, Naples, FL

34108.[1]  I am duly authorized to make the following declaration ("***Declaration***") on behalf of

Hahn Loeser.  I am licensed to practice law in the United States Bankruptcy Court for the Middle

and Southern  Districts of Florida, the State of Florida, the United States Bankruptcy Court for

the Southern and Eastern District of New York, the State of New York, the United States

Bankruptcy Court for the District of New Jersey, and the State of New Jersey.  Hahn Loeser and

---

[1] Hahn Loeser maintains other offices in Cleveland, Ohio; Akron, Ohio; Columbus, Ohio; Indianapolis, Indiana; San Diego, California, and Fort Myers, Florida.

I represent the Official Committee of Unsecured Creditors ("***Committee***") of Carbide Industries, LLC ("***Debtor***") in the above-captioned chapter 11 case.  I make this Declaration in compliance with section 328 of the Bankruptcy Code and Rules 2014(a) and 2016(b) of the Bankruptcy Rules.

2.      Unless otherwise stated, this Declaration is based upon facts of which I have personal knowledge and, if called as a witness, I would testify thereto.  I make this Declaration in support of the *Application of the Official Committee of Unsecured Creditors of Carbide Industries, LLC for an Order Authorizing the Employment of Hahn Loeser & Parks LLP as Counsel, Nunc Pro Tunc as of September 23, 2014* ("***Application***"), pursuant to sections 328 and 1103 of the Bankruptcy Code, for entry of an order authorizing the Committee to retain and employ Hahn Loeser as counsel, and for purpose of fulfilling the disclosure requirements of Rules 2014(a) and 2016(b) of the Bankruptcy Rules.  Unless otherwise defined herein, all capitalized terms have the meanings ascribed to them in the Application.

3.      As set forth in more detail below, neither I, nor Hahn Loeser, nor any of its professionals, as far as I have been able to ascertain after reasonable investigation, have any current connection with (i) the Debtor and it's known executive officers, directors, major shareholders, and equity holders, (ii) the Debtor's co-debtors, (iii) the secured creditors in this chapter 11 case, (iv) the 20 largest creditors in this chapter 11 case, (v) the non-debtor parties to any of the reported executory contracts and unexpired leases, (vi) the U.S. Trustee, or (vii) any of the aforementioned parties' respective attorneys or accountants (based on its investigation of its client lists as of the date of this Application).  Similarly, neither I, nor Hahn Loeser, nor any of its professionals, as far as I have been able to ascertain after reasonable investigation, hold or

6849355.2

represent any other known or reasonably ascertainable interest adverse to the Committee in the matters upon which it is engaged.

4.      Prior to its retention as counsel for the Committee, Hahn Loeser represented Wells Fargo Equipment Finance, Inc. (a secured creditor in this case), in connection with matters that are wholly unrelated to this chapter 11 case and the Debtor.  These matters have since concluded, and are not, and were not, adverse to the Debtor or the Committee.  Furthermore, based on the relative size of the Debtor's chapter 11 case, it is likely that, in the past, Hahn Loeser has represented certain other creditors of the Debtor from time to time.  However, any such representation was wholly unrelated to the Committee or the Debtor.

5.      No person who is a member or associate of Hahn Loeser is a relative of any Judge of the United States Bankruptcy Court for the Middle District of Florida or the Office of the United States Trustee for Region 21.  Furthermore, no person who is a member or associate of Hahn Loeser is or has been connected with any Judge of such Court or such United States Trustee so as to render the employment of Hahn Loeser improper as set forth in Rule 5002 of the Bankruptcy Rules.

6.      In preparing this Declaration, I reviewed the Debtor's bankruptcy schedules and lists that have been filed in this court.  I also compared the information contained in those schedules and lists concerning the secured creditors, priority creditors, the 20 largest unsecured creditors and the equity security holders of the Debtor with the information contained in Hahn Loeser's client and adverse party conflict check index system.   The facts stated in this Declaration as to the relationship, if any, between other lawyers in my law firm and the Debtor, the Debtor's creditors, other parties in interest, their respective attorneys and accountants, the United States Trustee, other persons employed in the Office of the United States Trustee, and

14

those persons and entities who are defined as not disinterested persons in section 101(14) of the Bankruptcy Code are based upon the results of my review of Hahn Loeser's conflict check index system.

7.     Hahn Loeser's client and adverse party conflict check index system is comprised of records regularly maintained in the course of business of the firm, and it is the regular practice of the firm to make and maintain these records.  It reflects entries that are noted in the system at the time the information becomes known by persons whose regular duties include recording and maintaining this information.  I am one of the persons who keeps this system up-to-date, and I regularly use and rely upon the information contained in the system in the performance of my duties with Hahn Loeser and in my practice of law.

8.     Hahn Loeser has undertaken a detailed search to determine, and to disclose whether it represents or has represented (i) the Debtor and it's known executive officers, directors, major shareholders, and equity holders, (ii) the Debtor's co-debtors, (iii) the secured creditors in this chapter 11 case, (iv) the 20 largest creditors in this chapter 11 case, (v) the non-debtor parties to any of the reported executory contracts and unexpired leases, (vi) the U.S. Trustee, or (vii) any of the aforementioned parties' respective attorneys or accountants (based on its investigation of its client lists as of the date of this Application).  To check and clear potential conflicts of interest in this chapter 11 case, Hahn Loeser researched its client database to determine whether it has any relationships with the following entities, if known:

     a.    the Debtor and its known executive officers, directors, major shareholders, and equity holders;

     b.    the Debtor's secured creditors;

     c.    the twenty (20) largest unsecured creditors of the Debtor and any other entities that Hahn Loeser could readily identify as having a potential conflict of interest with the Debtor;

d.      real property lessors and equipment lessors, if any; and

e.      any other parties identifiable to Hahn Loeser as having an Insider interest in this chapter 11 case, including the Debtor's co-debtors.

9.      Hahn Loeser will not represent any person in connection with any matter adverse to the Committee.  Further, should Hahn Loeser discover during the pendency of this chapter 11 case that it represents, in unrelated matters, any entity or person that has an interest adverse to the Committee, Hahn Loeser will disclose to the Committee and the Court the nature of such representation and relationship thereto.

10.      No attorney in my firm holds a direct or indirect equity interest in the Debtor (including stock, stock warrants, or partnership interest) or has a right to acquire such an interest.

11.      No attorney in the firm is or has served as an officer, director, or employee of the Debtor within two years before the petition filing.

12.      No attorney in the firm is in control of the Debtor or is a relative of a general partner, director, officer or person in control of the Debtor.

13.      No attorney in the firm is a general or limited partner of a partnership in which the Debtor is also a general or limited partner.

14.      No attorney in the firm is or has served as an officer, director, or employee of a financial advisor that has been engaged in connection with the offer, sale, or issuance of a security of the Debtor, within two years before the filing of the petition.

15.      No attorney in the firm has represented a financial advisor of the Debtor in connection with the offer, sale, or issuance of a security of the Debtor within three years before the filing of the petition.

16.      No attorney in the firm presently represents a creditor, general partner, lessor, lessee, party to an executory contract of the Debtor, or person otherwise adverse or potentially

16

adverse to the Debtor's estate, on any matter, whether such representation is related or unrelated to the Debtor or the estate, except – as stated above – Hahn Loeser has represented Wells Fargo Equipment Finance Inc. from time to time in matters unrelated to this chapter 11 case.

17.     No attorney in the firm has previously represented a creditor, general partner, lessor, lessee, party to an executory contract, or person who is otherwise adverse or potentially adverse to the Debtor or the estate, on any matter substantially related to the bankruptcy case.

18.     No attorney in the firm represents an insider of the Debtor or the Debtor's parent, subsidiary, or other affiliate.

19.     No attorney in the firm has been paid fees prepetition or holds a security interest, guarantee or other assurance of compensation for services performed and to be performed in the case.

20.     No attorney in the firm has any other interest, direct or indirect, that may be affected by the proposed representation.

21.     Subject to the Court's approval, Hahn Loeser will charge for its legal services on an hourly basis in accordance with ordinary and customary hourly rates in effect on the date services are rendered.  These rates may change from time to time in accordance with Hahn Loeser's established billing practices and procedures.  Hahn Loeser will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services by category and nature of the services rendered.

22.     Hahn Loeser will apply to the Court for compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of this Court, and pursuant to any additional procedures that are or may be established by the Court in this chapter 11 case.

23.     There is no agreement of any nature, other than the partnership agreement of my firm, as to the sharing of any compensation to be paid to the firm by the Debtor in connection with this chapter 11 case.

24.     The proposed employment of Hahn Loeser is not prohibited by or improper under Rule 5002 of the Bankruptcy Rules.  Hahn Loeser and the professionals it employs are qualified to represent the Committee in matters for which Hahn Loeser is proposed to be employed.

25.     I believe Hahn Loeser, and each member and associate thereof, is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

26.     To the extent that Hahn Loeser subsequently discovers any facts bearing on this Declaration or its representation of the Committee, this Declaration will be supplemented and those facts will be fully disclosed to the Court.

Dated: October 8, 2014

Michael R. Dal Lago

6849355.2